IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| STATE OF LOUISIANA, et al., | * | |
| | * | Hon. James D. Cain, Jr. |
| *Plaintiffs*, | * | Mag. Judge Thomas P. LeBlanc |
| | * | |
| v. | * | |
| | * | Civil No.: 2:25-cv-00691-JDC-TPL |
| NATIONAL MARINE FISHERIES SERVICE, et al., | * | |
| | * | |
| | * | |
| *Federal Defendants*, | * | |
| | * | |

**<u>FEDERAL DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT</u>**

Pursuant to Federal Rule of Civil Procedure 8, the National Marine Fisheries Service ("NMFS") and Howard Lutnick in his official capacity as Secretary of Commerce (collectively, "Federal Defendants") respond to the allegations in Plaintiffs' Complaint for Declaratory and Injunctive Relief (ECF No. 1, "Complaint") as set forth below. All responses in the paragraphs of this Answer are to the allegations in the corresponding numbered paragraphs and sections of the Complaint. Any allegations not expressly admitted, denied, or qualified are denied.

\* \* \*

1. The allegations in the first clause of the first sentence of Paragraph 1 and footnote 1 constitute characterizations of Plaintiffs' case, to which no response is required. To the extent a response is required, they are denied. Federal Defendants admit the remaining allegations in the first sentence of Paragraph 1. The remaining allegations characterize the 2025 Biological and Conference Opinion on the Bureau of Ocean Energy Management and Bureau of Safety and Environmental Enforcement's Oil and Gas Program Activities in the Gulf of America ("2025

1

BiOp"), which speaks for itself and is the best evidence of its contents.

2. Federal Defendants admit that the prior biological opinion was subject to vacatur on May 21, 2025; the remaining allegations in the first sentence of Paragraph 2 are characterizations of Plaintiffs' case, to which no response is required. To the extent a response is required, they are denied. Federal Defendants admit the allegations in the second sentence of Paragraph 2.

3. Federal Defendants admit that NMFS had four months after President Trump's inauguration to complete the 2025 BiOp. The remaining allegations are characterizations of Plaintiffs' case, to which no response is required. To the extent a response is required, they are denied.

4. The allegations in the first five sentences of Paragraph 4 characterize the Endangered Species Act ("ESA"), 16 U.S.C. § 1531 *et seq.*, which speaks for itself and is the best evidence of its contents. The final two sentences of Paragraph 4 characterize the case law cited therein, which speaks for itself and is the best evidence of its contents.

5. The allegations in Paragraph 5 characterize the 2025 BiOp, which speaks for itself and is the best evidence of its contents.

6. The allegations in Paragraph 6 characterize the ESA, its implementing regulations, and certain case law cited therein, which speak for themselves and are the best evidence of their contents.

7. The allegations in Paragraph 7 characterize the 2025 BiOp, which speaks for itself and is the best evidence of its contents.

8. Federal Defendants deny the allegation made in the first sentence of Paragraph 8. The second sentence of Paragraph 8 characterizes Federal Defendants' rule revising the Enumeration of endangered marine and anadromous species, which speaks for itself and is the best evidence of

its contents. The allegations in the third sentence of Paragraph 8 are too vague and ambiguous to permit a response, and Federal Defendants deny them on that basis. Regarding the fourth sentence of Paragraph 8, Federal Defendants admit that there is no active oil and gas production in the biologically important area; the remaining allegations in the fourth sentence are denied. The allegations in the fifth sentence of Paragraph 8 are denied.  The allegations in the final sentence of Paragraph 8 characterize the biological assessment produced by the Bureau of Ocean Energy Management ("BOEM") and Bureau of Safety and Environmental Enforcement ("BSEE") (collectively, the "Bureaus"), which speaks for itself and is the best evidence of its contents.

9. The allegations in the first four sentences of Paragraph 9 characterize the 2025 BiOp, which speaks for itself and is the best evidence of its contents. The allegations in the final sentence of Paragraph 9 either characterize the ESA and interpreting case law, which speak for themselves and are the best evidence of their contents, or represent legal conclusions to which no response is required.

10. The allegations in the first two sentences of Paragraph 10 characterize the 2025 BiOp, which speaks for itself and is the best evidence of its contents. The remaining allegations are either characterizations of Plaintiffs' case and legal conclusions, to which no response is required, or characterizations of the 2025 BiOp, which speaks for itself and is the best evidence of its contents. To the extent any response is required to Plaintiffs' characterization of their case and legal conclusions, the allegations are denied.

11. The allegations made in Paragraph 11 are characterizations of Plaintiffs' case and requests for relief, to which no response is required. To the extent a response is required, they are denied.

12. Federal Defendants acknowledge that Louisiana is a sovereign state of the United States. Federal Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations, and Federal Defendants deny them on that basis.

13. Federal Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in the first six sentences of Paragraph 13, and Federal Defendants deny them on that basis. The allegations in the final sentence are legal conclusions to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

14. The allegations in Paragraph 14 characterize the Outer Continental Shelf Lands Act ("OCLSA") and the Gulf of Mexico Energy Security Act ("GOMESA"), which speak for themselves and are the best evidence of their contents. Federal Defendants lack sufficient knowledge or information to form a belief as to the amount of funds delivered to the State of Louisiana and its localities under these statutes.

15. The allegations in Paragraph 15 characterize Louisiana's revenue-sharing system, citing to various reports and State laws. Those reports and laws speak for themselves and are the best evidence of their contents. Regarding the final sentence of Paragraph 15, Federal Defendants admit that the 2025 BiOp supports ESA compliance for federal authorizations and approvals in the Gulf of America offshore oil and gas program, and deny any other allegations made in the sentence.

16. The allegations in the first four sentences of Paragraph 16 characterize Louisiana State law, case, and state permits which speaks for themselves and are the best evidence of their contents. Federal Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in the final sentence and therefore deny them.

17. Federal Defendants acknowledge that Liz Murrill is the Attorney General of the State of Louisiana. Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 17 and therefore deny them.

18. Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first two sentences of Paragraph 18 and therefore deny them. Federal Defendants admit the allegations in the third sentence. The allegations in the fourth sentence characterize the ESA, which speaks for itself and is the best evidence of its contents.

19. Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first three sentences of Paragraph 19 and therefore deny them. Federal Defendants admit the allegations in the fourth sentence. The allegations in the fifth sentence characterize the ESA, which speaks for itself and is the best evidence of its contents.

20. Federal Defendants admit the allegations in Paragraph 20.

21. Federal Defendants admit the allegations in Paragraph 21, but provide the following corrected spelling for Defendant Secretary of Commerce: "Howard Lutnick."

22. The allegations in Paragraph 22 are legal conclusions to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

23. The allegations in Paragraph 23 are legal conclusions to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

24. Federal Defendants admit that they are either federal agencies of the United States or officers sued in their official capacities. The remaining allegations in Paragraph 24 are legal conclusions to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

25. The allegations in Paragraph 25 characterize the Administrative Procedure Act ("APA"), 5 U.S.C. § 500, *et seq.*, and case law interpreting the Act, which speak for themselves and are the best evidence of their contents.

26. The allegations in Paragraph 26 characterize the APA, which speaks for itself and is the best evidence of its contents.

27. The allegations in Paragraph 27 characterize the ESA, which speaks for itself and is the best evidence of its contents.

28. The allegations in Paragraph 28 characterize the ESA and its implementing regulations, which speak for themselves and are the best evidence of their contents.

29. The allegations in Paragraph 29 characterize the ESA, its implementing regulations, and certain case law, which speak for themselves and are the best evidence of their contents.

30. The allegations in Paragraph 30 characterize the ESA, its implementing regulations, and certain case law, which speak for themselves and are the best evidence of their contents.

31. The allegations in Paragraph 31 characterize the ESA and its implementing regulations, which speak for themselves and are the best evidence of their contents.

32. The allegations in Paragraph 32 characterize the Outer Continental Shelf Lands Act ("OCSLA"), 43 U.S.C. § 1331 *et seq.*, which speaks for itself and is the best evidence of its contents.

33. The allegations in Paragraph 33 characterize OCSLA, which speaks for itself and is the best evidence of its contents.

34. The allegations in Paragraph 34 are legal conclusions to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

35. The allegations in Paragraph 35 are legal conclusions to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

36. Federal Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 36, and deny them on that basis.

37. Federal Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 37, and deny them on that basis.

38. Federal Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 38, and deny them on that basis.

39. Federal Defendants admit the allegations in Paragraph 39.

40. Federal Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 40, and deny them on that basis.

41. Federal Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 41, and deny them on that basis.

42. Federal Defendants aver that BOEM and BSEE approve numerous actions related to the offshore oil and gas program each year. Regarding the remaining allegations in Paragraph 42, Federal Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 42, and Federal Defendants deny them on that basis.

43. Federal Defendants admit the allegations in Paragraph 43.

44. Federal Defendants admit the allegation in the first sentence of Paragraph 44. The remaining sentences in Paragraph 44 characterize a response brief filed by the Department of Justice in unrelated litigation and a rule issued by NMFS in 2024. Those documents speak for themselves and are the best evidence of their contents.

45. The allegations in Paragraph 45 characterize two Federal Register notices issued by NMFS, the first listing the Gulf of Mexico Bryde's whale as endangered under the ESA, and the second revising the Enumeration of endangered marine and anadromous species to reflect the scientifically accepted taxonomy and nomenclature of this species. These notices speak for themselves and are the best evidence of their contents.

46. The allegations in Paragraph 46 characterize the listing rule for the Gulf of Mexico Bryde's whale, which speaks for itself and is the best evidence of its contents.

47. Federal Defendants admit the allegation in Paragraph 47.

48. Federal Defendants admit that NMFS issued a biological opinion on the Bureaus' offshore oil and gas program in the Gulf of America on March 13, 2020 ("2020 BiOp"). The remaining allegations in the first two sentences of Paragraph 48 characterize the 2020 BiOp, which speaks for itself and is the best evidence of its contents. Regarding the final two sentences, Federal Defendants admit that the Bureaus did not grant applicant status to any party regarding the 2020 biological opinion, and that NMFS developed the 2020 BiOp without involvement of any applicants; any allegations inconsistent with this statement are denied.

49. The allegations in Paragraph 49 characterize the 2020 BiOp, which speaks for itself and is the best evidence of its contents.

50. The allegations in Paragraph 50 characterize the 2020 BiOp, which speaks for itself and is the best evidence of its contents.

51. The allegations in Paragraph 51 characterize the 2020 BiOp, which speaks for itself and is the best evidence of its contents.

52. Federal Defendants admit that the RPA measures outlined in the 2020 BiOp have been fully carried out since 2020. The remaining allegations in Paragraph 52 characterize permits and

authorizations for oil and gas program activities, which speak for themselves and are the best evidence of their contents.

53. The allegations in Paragraph 53 characterize the Final Notice of Sale and Record of Decision for Lease Sale 261, which speak for themselves and are the best evidence of their contents.

54. The allegations in Paragraph 54 characterize prior litigation before this Court in Civil Case No. 23-1157 and the Court's judgment therein, ECF No. 82, documents which speak for themselves and are the best evidence of their contents.

55. Federal Defendants aver that NMFS issued the 2025 BiOp on May 20, 2025, which superseded the 2020 BiOp. Because the 2020 BiOp is no longer operative or in effect, Federal Defendants deny the remaining allegations in Paragraph 55.

56. Federal Defendants admit the allegations in Paragraph 56.

57. Federal Defendants admit the allegations in the first sentence of Paragraph 57. The remaining allegations in Paragraph 57 characterize the ESA and the Bureaus' biological assessment ("BA"), which speak for themselves and are the best evidence of their contents.

58. The allegations in Paragraph 58 characterize the BA, which speaks for itself and is the best evidence of its contents.

59. The allegations in Paragraph 59 characterize the BA, which speaks for itself and is the best evidence of its contents.

60. The allegations in the first two sentences of Paragraph 60 characterize a declaration submitted by Federal Defendants in litigation before the District of Maryland. That declaration speaks for itself and is the best evidence of its contents. Federal Defendants admit the allegation in the final sentence of Paragraph 60.

61. Federal Defendants admit that the Bureaus issued letters recognizing the "applicant" status of API, Chevron U.S.A., Inc., and three other trade associations representing companies operating in the Gulf for purposes of the ESA Section 7 consultation. The remaining allegations in the second and fourth sentences characterize those letters, which speak for themselves and are the best evidence of their contents. Federal Defendants admit the allegations in the third sentence.

62. Federal Defendants admit the allegation in Paragraph 62.

63. The allegations in Paragraph 63 characterize the 2025 BiOp, which speaks for itself and is the best evidence of its contents.

64. The allegations in Paragraph 64 characterize the 2025 BiOp, which speaks for itself and is the best evidence of its contents.

65. The allegations in Paragraph 65 characterize the 2025 BiOp, which speaks for itself and is the best evidence of its contents.

66. The allegations in Paragraph 66 characterize the 2025 BiOp, which speaks for itself and is the best evidence of its contents.

67. The allegations in the first sentence of Paragraph 67 are denied. Regarding the allegations in the second and third sentences of Paragraph 67, Federal Defendants admit that the 2025 BiOp identified no academic study that posited a recovery rate specific to Rice's whale; the remaining allegations in the second and third sentences are denied. The final sentence of Paragraph 67 characterizes an academic paper by Williams et al., which speaks for itself and is the best evidence of its contents.

68. The allegations in Paragraph 68 characterize the 2025 BiOp and an academic paper by Rockwood et al., which speak for themselves and are the best evidence of their contents.

69. The allegations in the first and final sentence of Paragraph 69 characterize the 2025 BiOp, which speaks for itself and is the best evidence of its contents. The allegations in the second sentence of Paragraph 69 characterize a paper by Rosen et al., which speaks for itself and is the best evidence of its contents. The remaining allegations in the paragraph are either characterizations of Plaintiffs' case or are too vague and ambiguous to permit a response, and are therefore denied.

70. The allegations in Paragraph 70 characterizes the 2025 BiOp and a paper by Soldevilla et al., which speak for themselves and are the best evidence of their contents. Federal Defendants deny the allegations in the fifth sentence.

71. The allegations in Paragraph 71 characterize the 2025 BiOp, which speaks for itself and is the best evidence of its contents.

72. The allegations in Paragraph 72 characterize the 2025 BiOp, which speaks for itself and is the best evidence of its contents.

73. The allegations in Paragraph 73 characterize the 2025 BiOp, which speaks for itself is the best evidence of its contents.

74. The allegations in the first sentence of Paragraph 74 characterize written comments submitted in response to a draft of the 2025 BiOp, which speak for themselves and are the best evidence of their contents. The allegations in the second and third sentences characterize the 2025 BiOp, which speaks for itself is the best evidence of its contents. The allegations in the final sentence of Paragraph 74 are denied.

75. The allegations in Paragraph 75 characterize the 2025 BiOp, which speaks for itself and is the best evidence of its contents.

76. The allegations in Paragraph 76 characterize the 2025 BiOp and the Marine Mammal Protection Act ("MMPA"), 16 U.S.C. § 1361 *et seq.*, which speak for themselves and are the best evidence of their contents.

77. Federal Defendants admit the allegation in the first sentence of Paragraph 77. The allegations in the second sentence of Paragraph 77 characterize certain guidance issued by NMFS, which speaks for itself and is the best evidence of its contents. The final two sentences of Paragraph 77 are legal conclusions to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

78. The allegations in Paragraph 78 characterize the 2025 BiOp and the ESA, which speak for themselves and are the best evidence of their contents. The allegations in the third sentence are legal conclusions to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

79. Federal Defendants admit that API and other applicants submitted comments on the draft of the 2025 BiOp. The remaining allegations in Paragraph 79 characterize those comments, which speak for themselves and are the best evidence of their contents.

80. The allegations in the first and last sentences of Paragraph 80 are legal conclusions to which no response is required. To the extent a response is required, Federal Defendants deny the allegations. The allegations in the second sentence characterize the 2025 BiOp, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations in the third, fourth, and fifth sentences.

81. The allegations in the first and last sentences Paragraph 81 are legal conclusions to which no response is required. To the extent a response is required, Federal Defendants deny the allegations. The allegations in the second sentence are too vague and ambiguous to permit a

response and are denied on that basis. Federal Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in the third, fourth, and fifth sentences and deny them on that basis. The allegations in the sixth and seventh sentences constitute Plaintiffs' characterizations of this lawsuit to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

82. Federal Defendants incorporate by reference their responses to all preceding paragraphs.

83. The allegations in Paragraph 83 characterize the ESA, which speaks for itself and is the best evidence of its contents.

84. The allegations in Paragraph 84 characterize the ESA implementing regulations, which speak for themselves and are the best evidence of their contents.

85. Paragraph 85 sets forth legal conclusions to which no response is required; to the extent a response is required or facts are alleged, they are denied.

86. Paragraph 86 sets forth legal conclusions to which no response is required; to the extent a response is required or facts are alleged, they are denied.

87. Federal Defendants incorporate by reference their responses to all preceding paragraphs.

88. The allegations in Paragraph 88 characterize the 2025 BiOp, which speaks for itself and is the best evidence of its content.

89. The allegations in Paragraph 89 characterize the ESA, which speaks for itself and is the best evidence of its contents.

90. Paragraph 90 sets forth legal conclusions to which no response is required; to the extent facts are alleged, they are denied.

91. Paragraph 91 sets forth legal conclusions to which no response is required; to the extent facts are alleged, they are denied.

92. The allegations in the first sentence of Paragraph 92 characterize the ESA implementing regulations, which speak for themselves and are the best evidence of their contents. The second and third sentences of Paragraph 92 characterize the 2025 BiOp, which speaks for itself and is the best evidence of its contents. The final sentence in Paragraph 92 sets forth legal conclusions to which no response is required; to the extent facts are alleged, they are denied.

93. Paragraph 93 sets forth legal conclusions to which no response is required; to the extent facts are alleged, they are denied.

94. Federal Defendants incorporate by reference their responses to all preceding paragraphs.

95. Paragraph 95 sets forth legal conclusions to which no response is required; to the extent facts are alleged, they are denied.

96. The allegations in the first three sentences of Paragraph 96 characterize the ESA, the MMPA, and the 2025 BiOp, which speak for themselves and are the best evidence of their contents. The final sentence in Paragraph 96 sets forth legal conclusions to which no response is required; to the extent facts are alleged, they are denied.

97. Paragraph 97 sets forth legal conclusions to which no response is required; to the extent facts are alleged, they are denied.

98. Paragraph 98 sets forth legal conclusions to which no response is required; to the extent facts are alleged, they are denied.

99. Federal Defendants incorporate by reference their responses to all preceding paragraphs.

100. Paragraph 100 sets forth legal conclusions to which no response is required; to the extent facts are alleged, they are denied, excepting that Federal Defendants admit the 2025 BiOp includes certain reasonable and prudent measures ("RPMs").

101. The allegations in Paragraph 101 characterize the ESA's implementing regulations, which speak for themselves and are the best evidence of their contents.

102. The first sentence of Paragraph 102 characterizes the 2025 BiOp, which speaks for itself and is the best evidence of its contents. The remaining sentences of Paragraph 102 set forth legal conclusions to which no response is required; to the extent facts are alleged, they are denied.

103. The first sentence of Paragraph 103 characterizes the 2025 BiOp, which speaks for itself and is the best evidence of its contents. The remaining sentences of Paragraph 103 set forth legal conclusions to which no response is required; to the extent facts are alleged, they are denied.

104. Paragraph 104 sets forth legal conclusions to which no response is required; to the extent facts are alleged, they are denied.

## PRAYER FOR RELIEF

The remainder of the Complaint constitutes Plaintiffs' Prayer for Relief to which no response is required. To the extent a response is required, Federal Defendants deny that Plaintiffs are entitled to the relief requested or any relief whatsoever.

## GENERAL DENIAL

Pursuant to Federal Rule of Civil Procedure 8(b), Federal Defendants deny any allegations in the Complaint, whether express or implied, that are not specifically admitted, denied, or qualified herein.

## AFFIRMATIVE AND OTHER DEFENSES

Federal Defendants reserve their right to raise additional affirmative defenses during the course of this litigation.

WHEREFORE, Federal Defendants request that the Court dismiss the Complaint in its entirety, render judgment for Federal Defendants and against Plaintiffs, and grant Federal Defendants any further relief that the nature of the case and justice require.

Respectfully submitted,

Dated: July 14, 2025                    Respectfully submitted,

ADAM R.F. GUSTAFSON,
Acting Assistant Attorney General
MEREDITH L. FLAX, Deputy Section Chief
MICHAEL EITEL, Acting Assistant Section Chief

/s/ Davis A. Backer
DAVIS A. BACKER, Trial Attorney
United States Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
999 18th Street, North Terrace, Suite 600
Denver, Colorado 80202
Tel: (303) 844-1898
Fax: (202) 305-0275
Email: davis.backer@usdoj.gov

SARA M. WARREN, Trial Attorney
United States Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
Benjamin Franklin Station, P.O. Box 7611
Washington, D.C. 20044-7611
Tel: (202) 307-1147
Fax: (202) 305-0275
Email: sara.warren@usdoj.gov

*Attorneys for Federal Defendants*