IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| STATE OF LOUISIANA, by and through its Attorney General, LIZ MURRILL, <br><br> AMERICAN PETROLEUM INSTITUTE, and <br><br> CHEVRON U.S.A. INC., <br><br>     Plaintiffs, <br><br>     v. <br><br> NATIONAL MARINE FISHERIES SERVICE, and <br><br> HOWARD LUTNICK, in his official capacity as the Secretary of Commerce, <br><br>     Defendants. | No. 2:25-cv-00691-JDC-TPL <br><br> Hon. James D. Cain, Jr. <br><br> Magistrate Judge Thomas P. LeBlanc |

**PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO COMPLETE OR SUPPLEMENT THE ADMINISTRATIVE RECORD**

# **TABLE OF CONTENTS**

INTRODUCTION ..................................................................................................................1

    I.      Plaintiffs Have Shown Good Cause to Modify the Briefing Schedule. ...................2

    II.     The Record Is Incomplete Without the Bureau Comments. ...................................4

    III.    In the Alternative, the Record Should Be Supplemented with the Bureau Comments. ..............................................................................................................8

CONCLUSION ....................................................................................................................10

# **TABLE OF AUTHORITIES**

**Cases**

*Am. Petroleum Inst. v. Nat'l Marine Fisheries Serv.*,
  No. 2:21-cv-00905, 2025 WL 2145840 (E.D. La. July 29, 2025) ............................................. 6

*Am. Wildlands v. Kempthorne*,
  530 F.3d 991 (D.C. Cir. 2008) ................................................................................................ 8

*City of Dallas v. Hall*,
  No. 3:07-cv-00060, 2007 WL 3257188 (N.D. Tex. Oct. 29, 2007) .................................. 2, 6, 7

*Club v. Angelle*,
  No. 2:19-cv-13966, 2021 WL 9526861 (E.D. La. Mar. 4, 2021) ......................................... 2, 9

*EEOC v. Serv. Temps Inc.*,
  679 F.3d 323 (5th Cir. 2012) .................................................................................................. 3

*Fahim v. Marriott Hotel Servs., Inc.*,
  551 F.3d 344 (5th Cir. 2008) .................................................................................................. 3

*Medina Cnty. Env't Action Ass'n v. Surface Transp. Bd.*,
  602 F.3d 687 (5th Cir. 2010) .............................................................................................. 1, 8

Order Denying Government Objections, *Am. Petroleum Inst. v. Nat'l Marine Fisheries Serv.*,
  No. 2:21-cv-00905, ECF No. 82 (E.D. La. Oct. 6, 2024) ........................................................ 6

*Spiller v. Walker*,
  No. 1:98-cv-00255, 2002 WL 1609722 (W.D. Tex. July 19, 2002), *aff'd on other grounds sub nom. Spiller v. White*, 352 F.3d 235 (5th Cir. 2003) .................................. 7

*U.S. Fish & Wildlife Service v. Sierra Club, Inc.*,
  592 U.S. 261 (2021) ............................................................................................................... 7

**Statutes**

5 U.S.C. § 706 ............................................................................................................................. 2

**Rules**

Fed. R. Civ. P. 16 .................................................................................................................... 1, 2

Fed. R. Civ. P. 16(b)(4) ............................................................................................................... 2

**Regulations**

50 C.F.R. § 402.14(g)(5)..........................................................................................................5

## INTRODUCTION

In their response to Plaintiffs' motion to complete or supplement the record with the Bureau of Ocean Energy Management and Bureau of Safety and Environmental Enforcement's (collectively, the "Bureaus") joint comments on the draft biological opinion ("Bureau Comments"),[1] Defendants persist in trying to preserve their curated record by excluding documents "adverse to [the agency's] decision." *Medina Cnty. Env't Action Ass'n v. Surface Transp. Bd.*, 602 F.3d 687, 706 (5th Cir. 2010) (citation omitted). The Bureau Comments are not, as Defendants implicitly suggest, a random "scrap of paper." Dkt. 47 at 2. Rather, they constitute critical input from the "primary action agencies for this consultation" and are essential to rebutting Defendants' erroneous argument that lethal vessel strikes of whales may be occurring without anyone noticing. NMFS_26.

Defendants set forth several unavailing arguments in their bid to have this Court ignore the Bureau Comments. First, Defendants contend that Plaintiffs' motion is untimely based on an incorrect reading of Fed. R. Civ. P. 16 and the false premise that Plaintiffs are trying to raise new issues in their summary judgment reply brief. Second, Defendants assert that the Bureau Comments were never considered by the National Marine Fisheries Service ("NMFS"), while simultaneously insisting that NMFS considered the Bureaus' comments in some other unidentified form that is not reflected in the record. Defendants cannot exclude the Bureau Comments by vaguely referencing other non-public documents that are similarly absent from the record. And third, Defendants argue that there are no unusual circumstances warranting

---

[1] In this brief, Plaintiffs use the term "Bureaus' Comments" to refer to the document attached to Plaintiffs' motion as Exhibit A, and use the term "Bureaus' comments" to refer to the vague and unidentified comments that Defendants say NMFS considered but are not included in the record. This hair-splitting distinction is necessitated by Defendants' contention that NMFS did not consider an *identical* copy of the Bureau Comments, as discussed further below.

1

supplementation as an alternative to completing the record.  To the contrary, Defendants' shifting justifications and admission that NMFS considered the Bureaus' comments in some form underscores the need for the record to include input from the "primary action agencies."

In short, the Administrative Procedure Act's ("APA") "whole record" standard of judicial review, 5 U.S.C. § 706, precludes Defendants from doing what they are attempting to do here— presenting contested arguments in their cross-motion for summary judgment and then preventing Plaintiffs from directing the Court to contrary evidence that was before the agency when it made its decision.  The complete record must instead include "all documents and materials directly or indirectly considered by the agency," including "evidence contrary to the agency's position." *City of Dallas v. Hall*, No. 3:07-cv-00060, 2007 WL 3257188, at *4 (N.D. Tex. Oct. 29, 2007); *Club v. Angelle*, No. 2:19-cv-13966, 2021 WL 9526861, at *2 (E.D. La. Mar. 4, 2021) (record must include "both favorable and unfavorable information" in order to "prevent[] the court from reviewing a fictional account of the actual decision-making process" (internal quotation marks and citation omitted)).  This Court should therefore grant Plaintiffs' motion to complete, or in the alternative to supplement, the record with the Bureau Comments.

I.     **PLAINTIFFS HAVE SHOWN GOOD CAUSE TO MODIFY THE BRIEFING SCHEDULE.**

Rather than rebut Plaintiffs' showing of good cause for their motion to complete or supplement the record, Defendants complain that Plaintiffs did not file a standalone motion for leave to modify the briefing schedule and that Plaintiffs' request is untimely.  Dkt. 47 at 3-7.  These arguments are meritless.

First, Rule 16 does not require a standalone motion.  It simply provides that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).  This language does not mandate a particular procedure for obtaining a schedule modification so long as good cause is provided.  Plaintiffs plainly complied with the rule by devoting a section in

their motion to a demonstration of why good cause exists based on the four factors set forth by the Fifth Circuit: (1) the explanation for the failure to timely file, (2) the importance of the motion, (3) potential prejudice to the opposing party, and (4) the availability of a continuance to cure such prejudice.  Dkt. 37-1 at 17-18 (citing *Fahim v. Marriott Hotel Servs., Inc.*, 551 F.3d 344, 348 (5th Cir. 2008); *EEOC v. Serv. Temps Inc.*, 679 F.3d 323, 333-334 (5th Cir. 2012)).  Other than their meritless timeliness response, Defendants fail to address Plaintiffs' good cause arguments.

Second, Defendants' contention that Plaintiffs have engaged in "gamesmanship" by referring to the Bureau Comments in their summary judgment reply brief makes no sense.  Dkt. 47 at 4.  Plaintiffs' brief was a combined reply in support of Plaintiffs' summary judgment motion *and* response in opposition to Defendants' cross-motion for summary judgment.  Dkt. 36.  In their cross-motion for summary judgment, Defendants misleadingly asserted that Program vessel strikes may "go unnoticed by the crew" or merely seem like the vessel "hit[] a big wave."  Dkt. 35 at 21.  The Bureau Comments squarely rebut those assertions and, accordingly, Plaintiffs reasonably brought them to the Court's attention after reviewing Defendants' cross-motion.  *See* Dkt. 37-1 at 15-16 (listing several relevant statements in the Bureau Comments that undermine Defendants' cryptic strike theory).

The timing of Plaintiffs' motion is perfectly reasonable.  Defendants stonewalled Plaintiffs' request that the Bureau Comments be added to the record by responding to Plaintiffs the same day that record motions were due to be filed.  *Compare* Dkt. 37-4 at 1 *with* Dkt. 24 at 2; *see also* Dkt. 37-3 at 2 ¶ 7.  So, rather than filing a motion that may have been unnecessary and a waste of judicial resources, Plaintiffs reserved their right to file a motion later, if necessary—to which Defendants did not object.  Dkt. 37-3 at 2-3, ¶ 7; Dkt. 37-4 at 1.  Such a motion became

3

necessary when Defendants filed their cross-motion and made factual assertions that are directly contradicted by the Bureau Comments.

Defendants also argue that Plaintiffs' motion is untimely because "a court's scheduling order 'controls the course of the action' and may be modified only for good cause and with the court's consent—precluding parties from reshaping the administrative record well after merits briefing has begun." Dkt. 47 at 6.  But, as explained above and in Plaintiffs' motion, Plaintiffs have demonstrated good cause.  Moreover, Defendants have *twice* amended the administrative record after the deadline, including (most recently) on December 5, 2025, months after Plaintiffs' merits briefing was completed.  The last supplement was to add thousands of pages to the record that were requested by the environmental group plaintiffs in the Maryland litigation, which Defendants accepted without question.

In short, Defendants have failed to rebut Plaintiffs' showing of good cause.  This Court should accordingly consider Plaintiffs' request to complete or supplement the record.[2]

## II. THE RECORD IS INCOMPLETE WITHOUT THE BUREAU COMMENTS.

Defendants expressly disclaim any application of the deliberative process privilege to the Bureau Comments.  Dkt. 47 at 10 ("NMFS has not asserted that the document in question is protected by privilege.").  Instead, Defendants now assert that the Bureau Comments were never before NMFS during its decision-making process.  *Id.* at 14.  This remarkable assertion, which was not raised during the meet-and-confer process, *see* Dkt. 37-3, raises even more red flags about NMFS's decision-making process and the supporting record.

---

[2] Defendants also claim prejudice from having to simultaneously respond to Plaintiffs' motion and file their summary judgment reply brief. Dkt. 47 at 3-4.  There is no prejudice.  Since Plaintiffs filed their motion, Defendants have *twice* asked for an adjustment to the briefing schedule to allow more time for their response to Plaintiffs' motion and their summary judgment reply brief. Plaintiffs agreed to both of those requests.

4

The federal regulations regarding consultation under the Endangered Species Act require that NMFS discuss "the basis for any finding in the biological opinion" with the action agency (here, the Bureaus). 50 C.F.R. § 402.14(g)(5). The regulations prescribe specific timelines and protocols for transmitting comments on a draft biological opinion. Here, it is undisputed that the Bureaus developed comments on the draft biological opinion ("Draft BiOp") and provided them to industry applicants, including API and Chevron. It beggars belief that the Bureaus did not also convey their comments to NMFS, and Defendants do not seriously contend otherwise.

Both the record—including the May 20, 2025 "Biological and Conference Opinion on Bureau of Ocean Energy Management ("BOEM") and Bureau of Safety and Environmental Enforcement's Oil and Gas Program Activities in the Gulf of America" (the "2025 BiOp")—itself—and Defendants' response show that NMFS did, in fact, consider the Bureau Comments or a very similar document. For example, the 2025 BiOp states that "NMFS met with the Bureaus and applicants to discuss comments on the draft opinion." NMFS_30. And Defendants' response brief states that NMFS thoroughly considered "comments from BOEM." *Id.* at 18. Nonetheless, the Bureaus' comments themselves—in any form—are glaringly absent from the record.

Defendants argue that "NMFS did review many internal, deliberative documents, some of which included similar information as contained in" the Bureau Comments, but that "*this specific document* was not before the agency in the course of finalizing the 2025 BiOp." Dkt. 47 at 9 (emphasis added); *id.* at 10 ("NMFS was never provided the *specific document* Plaintiffs seek to have added." (emphasis added)); Dkt 48-1 at ¶ 5 ("[T]he Department of the Interior never provided this *particular* document to NMFS . . . the *specific* document Plaintiffs have attached to

5

their motion was not before the agency in the course of its decision making." (emphasis added)). Defendants are being either evasive or clever, or both.

Even if it is true that the Bureaus did not provide NMFS with an *exact* copy of the Bureau Comments provided to industry applicants, NMFS plainly received a *very similar* document from the Bureaus.[3] Indeed, Defendants concede that the record reflects "NMFS' thorough consideration of **comments from BOEM**." *Id.* at 13 (emphasis added). They also concede that NMFS "did have many *internal, deliberative* documents before it, including similar information as contained" in the Bureau Comments. Dkt. 48-1 (emphasis added). Like the Bureau Comments provided to the industry applicants, the version of the Bureaus' comments given to NMFS is missing from the record. And Defendants produced no privilege log identifying any such comments—whether "deliberative" or not—as privileged. Plainly, the written feedback provided by the Bureaus to NMFS—whether the Bureau Comments or some other version of those comments—should be included in the record but is not. This violates the black-letter rule that the administrative record must include "all documents and materials directly ***or indirectly*** considered by the agency." *City of Dallas*, 2007 WL 3257188, at *4 (emphasis added).

Defendants' reliance on the "presumption of regularity" is unavailing. *See* Dkt. 47 at 7-11. That presumption is rebutted when there are "reasonable, non-speculative grounds to believe that materials considered by the agency in the decision-making process are not included in the record." *Am. Petroleum Inst. v. Nat'l Marine Fisheries Serv.*, No. 2:21-cv-00905, 2025 WL 2145840, at *3 (E.D. La. July 29, 2025); Order Denying Government Objections, *Am. Petroleum*

---

[3] For example, the Bureaus may have provided NMFS with a version of their comments that included privileged legal comments that were removed from the Bureau Comments given to industry applicants. There is no way to know for sure given Defendants' failure to provide a privilege log.

*Inst. v. Nat'l Marine Fisheries Serv.*, No. 2:21-cv-00905, ECF No. 82 (E.D. La. Oct. 6, 2024); *see also City of Dallas*, 2007 WL 3257188, at *8 (same). Here, there is not merely a reasonable belief—but rather an undisputed certainty—that the Bureaus' comments were considered by NMFS but not included in the record. Thus, the presumption of regularity is soundly rebutted.

Finally, Defendants' fallback argument that, even if the Bureau Comments were considered by NMFS, they are properly omitted because they are "deliberative" plainly fails because Defendants have expressly disclaimed the deliberative process privilege. Dkt. 47 at 10; *see also Spiller v. Walker*, No. 1:98-cv-00255, 2002 WL 1609722, at *6 (W.D. Tex. July 19, 2002) ("If a draft document is not protected by the deliberative process privilege, it should be included in the administrative record."), *aff'd on other grounds sub nom. Spiller v. White*, 352 F.3d 235 (5th Cir. 2003).[4] Even without this disclaimer, the deliberative process privilege still would not apply for the reasons explained in Plaintiffs' opening brief, including that Defendants have failed to provide the requisite privilege log.[5] Dkt. 37-1 at 10-13.

In sum, the Bureaus, as part of their obligation under Section 7 of the Endangered Species Act, provided feedback to NMFS that contradicts the statements in Defendants' brief, but this feedback is excluded from the record. Defendants' attempt to hide the ball and "unilaterally determine what constitutes the administrative record" should be rejected and the Bureau Comments must be added to the record. *City of Dallas*, 2007 WL 3257188, at *4.

---

[4] Defendants' citation to *U.S. Fish & Wildlife Service v. Sierra Club, Inc.*, 592 U.S. 261 (2021), is inapposite because the agency there did invoke the deliberative process privilege. In addition, that case did not involve a challenge to agency action under the APA, let alone a challenge to the sufficiency of the agency record.

[5] Defendants' apparent exclusion of similar "internal, deliberative documents" is likewise unlawful given the absence of any privilege log. Dkt. 47 at 9.

Alternatively, or additionally, Defendants should be ordered to include in the record the other form of the Bureau comments cryptically referenced in Defendants' brief.

### III. IN THE ALTERNATIVE, THE RECORD SHOULD BE SUPPLEMENTED WITH THE BUREAU COMMENTS.

Even if the Court accepts Defendants' argument that the record is complete without the Bureau Comments, the Court should supplement the record with this document because it provides important "background information" that will help the Court "determine whether [NMFS] considered all of the relevant factors" in issuing the 2025 BiOp, and because it is apparent that Defendants "excluded documents that may have been adverse to [NMFS's] decision." *Medina Cnty. Env't Action Ass'n*, 602 F.3d at 706 (quoting *Am. Wildlands v. Kempthorne*, 530 F.3d 991, 1002 (D.C. Cir. 2008)).

Defendants' opposition to supplementation is perplexing. They essentially claim that the Court need not consider the Bureau Comments because the record already establishes that NMFS considered the Bureaus' comments in some other form—even though no comments from the Bureaus are in the record. For example, Defendants argue there is a "wealth of record material reflecting NMFS' thoughtful consideration of the Bureaus' feedback on the draft BiOp." Dkt. 47 at 12. They further assert that "[i]t would be extraordinary to conclude that NMFS was carefully considering the applicants' concerns but chose to disregard the Bureaus' ***comments***." *Id.* (emphasis added); *see also id.* at 18 (claiming there are "many other examples throughout the record demonstrating NMFS' thorough consideration of ***comments from BOEM*** and the industry applicants" (emphasis added)). Yet Defendants remain obstinate in trying to prevent the Court from seeing those comments.

Defendants cannot have it both ways. Plaintiffs have identified several specific excerpts from the Bureau Comments that directly rebut Defendants' claim that whale strikes may be

8

going unnoticed. Dkt. 37-1 at 15-16. As just one example, the Bureaus stated that "[o]ffshore service vessels are of a size that undetected whale strikes seems very unlikely. The captain would know that something was struck, and would stop to assess damage and identify the object." Dkt. 37-2 at 631 (Bureau Comments); *see also id.* at 644. Defendants do not and cannot point to any other record evidence with these same statements. Because only the Bureau Comments contain this information, the record must be supplemented with this document.

Defendants also miss the mark with their argument that the record already contains enough "background information" because it spans 110,000 pages. Dkt. 47 at 12-13. Rather than giving Defendants a free pass, the size of the record highlights the glaring absence of one of the most critical items in NMFS's decision-making process—the written input of the "primary action agencies." NMFS_26.

Defendants also err in arguing that Plaintiffs are not prejudiced because they had access to the Bureau Comments and could have incorporated them into their own comments on the Draft BiOp. Dkt. 47 at 12 n.3. First, this argument is a legal non-starter given that the APA does not require a showing of prejudice in order to compel the agency to include the whole record. Second, Plaintiffs reasonably anticipated that Defendants would follow the law and include the Bureau Comments in the record, thereby negating any need to regurgitate points already made by the Bureaus. The notion that private parties must copy and paste all *agency* comments in order to preserve them for record review is, frankly, absurd.

In short, supplementation is essential to facilitating effective review and ensuring that this case is not adjudicated under "a fictional account of the actual decision-making process." *Angelle*, 2021 WL 9526861, at *2 (citation omitted).

## CONCLUSION

For the foregoing reasons, this Court should compel Defendants to complete the record by including the Bureau Comments. Alternatively, this Court should supplement the record with the Bureau Comments so that they may be considered.

December 17, 2025

Respectfully submitted,

*/s/ James A. Holmes*
**JAMES A. HOLMES – BAR #20571**
**CHRISTOVICH & KEARNEY, LLP**
601 Poydras Street, Suite 2300
New Orleans, LA 70130-6078
Telephone: (504) 561-5700
jaholmes@christovich.com
kanderson@christovich.com

**STOEL RIVES LLP**
Ryan P. Steen (*pro hac vice*)
Jason T. Morgan (*pro hac vice*)
Tiffany M. Wang (*pro hac vice*)
600 University Street, Suite 3600
Seattle, WA 98101
Telephone: 206.624.0900
Facsimile: 206.386.7500
ryan.steen@stoel.com
jason.morgan@stoel.com
tiffany.wang@stoel.com

*Attorneys for American Petroleum Institute*

*/s/ Michael R. Phillips*
Michael R. Phillips (#21020)
Claire E. Juneau (#33209)
Jeffrey J. Gelpi (#37130)
**KEAN MILLER LLP**
BankPlus Tower
909 Poydras St., Suite 3600
New Orleans, LA 70112
Telephone: (504) 585-3050
mike.phillips@keanmiller.com
claire.juneau@keanmiller.com
jeff.gelpi@keanmiller.com

ELIZABETH B. MURRILL
Attorney General of Louisiana

*/s/ Caitlin A. Huettemann*
**CAITLIN A. HUETTEMANN – BAR #40402**
Assistant Solicitor General
OFFICE OF THE ATTORNEY GENERAL
1885 N. 3rd St.
Baton Rouge, LA 70802
Telephone: (225) 888-7903
HuettemannC@ag.louisiana.gov

*Attorneys for the State of Louisiana*

Sarah C. Bordelon (*pro hac vice*)
**HOLLAND & HART LLP**
5470 Kietzke Lane, Suite 100
Reno, NV 89511
Telephone: (775) 327-3011
scbordelon@hollandhart.com

Sean Marotta (*pro hac vice*)
Dana A. Raphael (*pro hac vice*)
**HOGAN LOVELLS US LLP**
555 Thirteenth Street N.W.
Washington, D.C. 20004
Telephone: (202) 637-5600
sean.marotta@hoganlovells.com
dana.raphael@hoganlovells.com

John S. Moran (*pro hac vice*)
**MCGUIREWOODS LLP**
888 16th Street N.W. Suite 500
Washington, D.C. 20006
Telephone: (202) 828-2817
jmoran@mcguirewoods.com

*Counsel for Plaintiff Chevron U.S.A. Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on December 17, 2025, I electronically filed the foregoing using the CM/ECF system, which will send notification of this filing to the attorneys of record.

/s/ *James A. Holmes*

36545525_v4