IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| STATE OF LOUISIANA, et al., | * | |
| | * | Hon. James D. Cain, Jr. |
| *Plaintiffs*, | * | Mag. Judge Thomas P. LeBlanc |
| | * | |
| v. | * | |
| | * | Civil No.: 2:25-cv-00691-JDC-TPL |
| NATIONAL MARINE FISHERIES | * | |
| SERVICE, et al., | * | |
| | * | |
| *Defendants*, | * | |
| | * | |

**ORDER REGARDING REMEDY**

Upon consideration of the parties' joint filing regarding remedy, the Court enters the following order on remedy:

(1)     The Court declares that the Rice's whale jeopardy finding and the Reasonable and Prudent Alternative ("RPA") in the National Marine Fisheries Service's ("NMFS") 2025 Biological Opinion, and Reasonable and Prudent Measures ("RPMs") 1 and 4 in the associated Incidental Take Statement, are arbitrary, capricious, and contrary to law.

(2)     The Court finds that the errors identified in the Court's Memorandum Ruling can be addressed on remand of the 2025 Biological Opinion and Incidental Take Statement and that vacating the 2025 Biological Opinion and Incidental Take Statement would lead to significant disruptive consequences. The Court therefore concludes that vacatur is not an appropriate remedy here.

(3)     NMFS' 2025 Biological Opinion and Incidental Take Statement are hereby remanded without vacatur to NMFS. On remand, NMFS shall address, consistent with the

1

Court's Memorandum Ruling, the aspects of the 2025 Biological Opinion and Incidental Take Statement that the Court concluded were unlawful: the jeopardy determination for Rice's whales in its 2025 Biological Opinion, the resulting RPA, and RPMs 1 and 4 included in the Incidental Take Statement. For the avoidance of doubt, although NMFS must address the aspects of the 2025 Biological Opinion and Incidental Take Statement that the Court concluded were unlawful, NMFS may address any aspect of the 2025 Biological Opinion and Incidental Take Statement during remand.

(4)     Subject to any further orders, NMFS shall complete the remand within 185 days of the entry of this Order, consistent with the schedule, milestones, and obligations proposed in the joint response.

(5)     Federal Defendants may seek an extension of time to complete the remand after conferring with Plaintiffs and upon a showing of good cause.

(6)     NMFS shall notify the Court when the remand is complete.

(7)     The Court retains jurisdiction to enforce its judgment during the pendency of the remand.

(8)     A separate judgment will be issued contemporaneously with this Order.

James D. Cain, Jr.
United States District Judge

Dated:  February 20, 2026

2